THOMAS, Circuit Judge,
dissenting:
The Supreme Court has instructed that “the remedy for allegations of juror partiality is a hearing in which a defendant has the opportunity to prove actual bias.” Smith v. Phillips, 455 U.S. 209, 215, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982). In this case, a juror professed his actual bias. He told the trial court that he would be unable to return a not guilty verdict even if the state failed to prove its case. Both the government and the defense challenged the juror for cause. However, the trial court did not hold a hearing. Rather, it simply speculated that the juror was just trying to avoid jury duty.
There are only two possibilities: the juror was actually biased or the juror was lying to the trial court. Even under AED-PA’s deferential review, I conclude that the trial court erred by not holding an evidentiary hearing on the juror’s self-expressed actual bias.
The failure of Benjamin’s counsel to make a peremptory challenge to the juror also warrants federal habeas relief. To be sure, defense counsel is permitted wide latitude in making strategic choices. However, “[ajlthough defense counsel is empowered to make such strategic decisions, Strickland demands that such decisions be reasonable and informed.” Jennings v. Woodford, 290 F.3d 1006, 1014 (9th Cir.2002).
There is also a difference in our review under AEDPA as to whether a counsel’s decision was strategic or not. There are two potentially relevant inquires: (1) “[wjhether the state court reasonably determined that there was a strategic decision” and (2) “whether the strategic decision itself was a reasonable exercise of professional judgment under Strickland.” Wood v. Allen, 558 U.S. 290, 130 S.Ct. 841, 851, 175 L.Ed.2d 738 (2010).
There is nothing in the state court record to indicate that defense counsel made a strategic choice in failing to make a challenge, and no state court made such a finding. So, we are not faced with the question of whether to defer to a state court finding that a decision was tactical.
Thus, the only issue before us is “whether the strategic decision itself was a reasonable exercise of professional judgment under Strickland.” Id. Defense counsel had already sought the juror’s removal for cause for actual bias. Benjamin has continuously argued in his state and federal court pleadings that the juror was biased. The record is devoid of any reasonable explanation of why defense counsel would allow a self-described biased juror to remain on the panel after he stated that he would be unable to return a not guilty verdict. As a result of the trial counsel’s failure to exercise a peremptory challenge, “the jury panel contained at least one juror who was biased.” Davis v. Woodford, 384 F.3d 628, 643 (9th Cir.2004). Therefore, Benjamin is entitled to federal habeas relief.
For these reasons, I respectfully dissent.